BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office
CORY L. BURLESON (Cal. Bar No. 322239)
Assistant United States Attorney
Deputy Chief, Riverside Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6945
     Facsimile: (951) 276-6202
     Email:     Cory.Burleson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE DE JESUS ORTEGA and DANIELLE NADINE DAVILA, <br><br> Defendants. | ED CR No. 25-266(A)-SSS <br><br> **STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT** <br><br> **Current Trial Date:** <br> October 6, 2025, at 9:00 a.m. <br><br> **Current Pretrial Conference Date:** <br> September 19, 2025, at 9:00 a.m. <br><br> **Proposed Trial Date:** <br> April 13, 2026, at 9:00 a.m. <br><br> **Proposed Pretrial Conference Date:** <br> March 27, 2026, at 9:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Cory L. Burleson, and defendant Jose De Jesus Ortega, individually and by and through his counsel of record, Carlos Juarez, and defendant Danielle Nadine Davila, individually and by and through her counsel of record, Oliver Cleary, hereby

stipulate as follows:

1. The Information in this case was filed on August 15, 2025. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on July 25, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 24, 2025.

2. On August 19, 2025, the Court set a trial date of October 6, 2025, at 9:00 a.m., and a pretrial conference and motion hearing date of September 19, 2025, at 9:00 a.m.

3. On August 27, 2025, a First Superseding Indictment was filed, and defendants are scheduled to be arraigned on the First Superseding Indictment on September 5, 2025.

4. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to eight days.

5. By this stipulation, defendants move to continue the trial date to April 13, 2026, at 9:00 a.m., and the pretrial conference and motion hearing date to March 27, 2026, at 9:00 a.m. This is the first request for a continuance.

6. Defendants request the continuance based on the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged in the First Superseding Indictment with a violation of 18 U.S.C. § 111(a)(1) (assaulting, resisting, or impeding a federal officer). The government has produced over 200 pages of discovery to the defense, including written reports and audio and video files, among other documents.

    b. On August 6, 2025, defendant Ortega's current counsel substituted in as counsel of record. Defendants' counsel represent that they have additional representative matters and other engagements for which they are responsible that they believe affect their ability to prepare for trial in this case on the current date. Those matters—and detailed information about those matters—are identified in Appendix A

(for defendant Ortega's counsel) and Appendix B (for defendant Davila's counsel) to this stipulation and incorporated by reference.

    c.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defendants' counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

    e.    The government does not object to the continuance.

    f.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of October 6, 2025 to April 13, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defendants' counsel the reasonable time necessary for effective preparation, taking into account the

1 | exercise of due diligence.

2 |     8.    Nothing in this stipulation shall preclude a finding that other provisions of
3 | the Speedy Trial Act dictate that additional time periods be excluded from the period
4 | within which trial must commence.  Moreover, the same provisions and/or other
5 | provisions of the Speedy Trial Act may in the future authorize the exclusion of
6 | additional time periods from the period within which trial must commence.

7 |     IT IS SO STIPULATED.

Dated: September 4, 2025

BILAL A. ESSAYLI  
Acting United States Attorney

JOSEPH T. MCNALLY  
Assistant United States Attorney  
Acting Chief, Criminal Division

PETER DAHLQUIST  
Assistant United States Attorney  
Chief, Riverside Office

_____  
CORY L. BURLESON  
Assistant United States Attorney

Attorneys for Plaintiff  
UNITED STATES OF AMERICA

28 | [Additional signatures on the following pages.]

1  I am Jose De Jesus Ortega's attorney. I have carefully discussed every part of this
2  stipulation and the continuance of the trial date with my client. I have fully informed my
3  client of his Speedy Trial rights. To my knowledge, my client understands those rights
4  and agrees to waive them. I believe that my client's decision to give up the right to be
5  brought to trial earlier than April 13, 2026, is an informed and voluntary one.

6
7  _____          9-5-2025
   CARLOS JUAREZ                         Date
   Attorney for Defendant
8  JOSE DE JESUS ORTEGA
9

10  I have read this stipulation and have carefully discussed it with my attorney. I
11  understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial
12  date and give up my right to be brought to trial earlier than April 13, 2026. I understand
13  that I will be ordered to appear in Courtroom 2 of the Riverside Federal Courthouse,
14  3470 Twelfth Street, Riverside, California, on March 27, 2026, at 9:00 a.m. and on April
15  13, 2026, at 9:00 a.m.

16
17  _____          9-5-2025
   JOSE DE JESUS ORTEGA                  Date
   Defendant
18

I am Danielle Nadine Davila's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 13, 2026, is an informed and voluntary one.

_____   9-5-25
OLIVER CLEARY                Date
Attorney for Defendant
DANIELLE NADINE DAVILA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than April 13, 2026. I understand that I will be ordered to appear in Courtroom 2 of the Riverside Federal Courthouse, 3470 Twelfth Street, Riverside, California, on March 27, 2026, at 9:00 a.m. and on April 13, 2026, at 9:00 a.m.

_____   9/5/25
DANIELLE NADINE DAVILA       Date
Defendant

6

**APPENDIX A**

**CARLOS JUAREZ**

CONFLICTS LIST FOR CARLOS L. JUAREZ

U.S. v Rosales CR19-00117-ODW-22, MS-13 case involving numerous defendants charged with RICO/VICAR murders. The case has been split into 2 groups for trial. Group 1 commences trial on May 6. 2025 and Group 2, which my client Rosales has been placed in, is set to commence on September 9, 2025. There are 6 defendants in group 2. The trial is expected to last 3-4 months. No continuances will be granted.

U.S. v Pelayo 22-cr-00238-SSS-2, complaint was filed on 9-26-22. Two defendants are charged with multiple robberies with firearms, a case not complex. The current trial date is 1/26/2026. Trial estimate 14 to 16 days. The case has been continued about 5 times. A new counsel was recently appointed to represent the co-defendant. The government and I will be ready to proceed on the scheduled trial date. The likelihood of further continuances is unlikely.

**APPENDIX B**

**OLIVER CLEARY**

**APPENDIX B: LIST OF ATTORNEY OBLIGATIONS**

Oliver P. Cleary, counsel for defendant **Nathalie Marie Carey** represents that he has the following conflicts:

**Cristian Chavez (2)**, in USA v. Valencia, et al. 14-cr-00204-SSS, a four defendant conspiracy to distribute methamphetamine case now set for a one-week jury trial that has been continued one time which, if the case does not settle, will proceed to trial on September 6, 2025;

**Roberto Corado-Ortiz (15)**, in USA v. Cruz-Hernandez, 19-cr-00117-ODW, multiple defendant 5-year old RICO murder case now set for a multi-week jury trial that has been continued on multiple prior occasions, and, due to the complexity of the case, will likely be continued one last time to September 9, 2025;

**Luis Belandaria Contreras (4)** in USA v. Martinez-Reyes, et al. 23-cr-00524-SVW, a 14-defendant conspiracy to distribute methamphetamine case that has been continued once. It is now set for jury trial to exceed 12 days on October 21, 2025;

**Denise Mata(4)** in USA v. Williams, et al., 24-cr-00200-SSS, a four defendant 24-count wire fraud case charging aggravated identity theft in applying for PPP-funds which is set for jury trial on October 27, 2025;

**Curtis Jeffery Mosley (1)**, in USA v. Mosley, et al., 22-cr-00238(B)-SSS, a two-year old two defendant multiple bank robbery series with a two-week trial set January 26, 2026;

**Johanna Oblanca (3)**, in USA v. Ayala, et al., 25-cr-00027-SSS, a newly filed controlled substances into jail conspiracy now set for jury trial February 23, 2026;

**Robert Williamson, Jr.** in USA v. Contreras, et al., 24-cr-00233-JLS, a four defendant 7-count Hobbes Act case charging conspiracy to interfere with commerce by robbery which is set for jury trial on February 17, 2026;

**Juan Carlos Martinez (17)**, in USA v. Jaramillo, et al, 23-cr-00411(A)-HDV, a 19 defendant RICO drug case now set for a 20-day jury

1  trial that has been continued once, and, due to the complexity of the
2  case, will likely be continued and not proceed as set on March 10,
3  2026;
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28